**UNITED STATES of America,**

v.

**Robb Walker FREEMAN, Appellant.**

No. 03–1804.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) March 9, 2004.

Decided March 11, 2004.

Louis D. Lappen, Philadelphia, PA, for Appellee.

Robb W. Freeman, Petersburg, VA, Pro Se.

Before SLOVITER and NYGAARD,

Circuit Judges, and OBERDORFER,[*] District Judge.

## OPINION OF THE COURT

PER CURIAM.

Appellant Robb Walker Freeman challenges the sentence he received from the district court on remand. Freeman's appellate counsel moved for permission to withdraw as counsel because he could find no non-frivolous issues for appeal. He filed a supporting brief invoking *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Third Circuit Local Appellate Rule 109.2. The Clerk of the Court advised Freeman of his right to file a *pro se* brief raising any points that might support his appeal, but he did not do so.

The district court had jurisdiction under 18 U.S.C. § 3231. Our jurisdiction derives from the provisions of 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Our independent review of the record convinces us that there are no issues of even arguable merit to be considered here, and we will accordingly grant counsel's motion to withdraw and affirm the district court's judgment of sentence.

## I

This is the third time Freeman is before a panel of this court to challenge his sentence. Freeman pled guilty in March 2000 to receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B). Freeman initially received a 72–month sentence, which was vacated (with the government's consent) on his first appeal, to allow resentencing in accordance with a case decided after Freeman was sentenced, *United States v. Galo*, 239 F.3d 572 (3d Cir.2001).

On remand, as at the initial sentencing, the district court found that Freeman's criminal history category did not reflect the seriousness of his criminal history and his likelihood of recidivism. Accordingly, under the United States Sentencing Guidelines ("U.S.S.G."), the court departed upward, raising his Criminal History from Category I to Category III, resulting in a sentencing range of 63–78 months, and sentencing Freeman to 70 months imprisonment. The court also imposed a special condition on Freeman's post-imprisonment supervised release, prohibiting him from having a computer in his home or from using any computer with on-line access without permission of his probation officer.

On Freeman's second appeal, a panel of this court again remanded for resentencing. *United States v. Freeman*, 316 F.3d 386 (3d Cir.2003). That panel held that the district court did not follow the proper "ratcheting" procedure for upward departures; it should not have granted a two-category upward departure without first determining whether a one-category departure would suffice. *Id.* at 391 (citing *United States v. Hickman*, 991 F.2d 1110, 1114 (3d Cir.1993)) ("[T]he court is obliged to proceed sequentially through these categories. It may not move to the next higher category until it has found that a prior category still fails to adequately reflect the seriousness of the defendant's past criminal conduct."). The panel noted that the district court "was justifiably concerned about Freeman's extensive molestation of children in the past and his likelihood of committing such crimes in the future." It expressly stated that this decision did not "intimate that Category III is inappropriate," noting that the court on remand

---

[*] The Honorable Louis F. Oberdorfer, Senior District Judge for the District of Columbia, sitting by designation.

could "well find that Category II understates [Freeman's] criminal history." *Id.* The panel also ruled that the prohibition on Freeman's computer use during his supervised release term was overbroad, and that the district court erred in failing to provide a statement of reasons for imposing this special condition. *Id.* at 391–92.

The facts were fully stated in our earlier opinion, *id.* at 387–89, and because we write only for the parties, it is unnecessary for us to restate them here.

## II

On remand, the district court held a resentencing hearing on March 3, 2003, which was continued until March 14, 2003, to allow the parties to answer questions raised at the initial hearing and to further brief the government's motion for an upward departure from Criminal History Category I to Criminal History Category II. On March 14, the district court granted that motion and issued a three-page order explaining its basis for holding that Criminal History Category I did not "adequately reflect the seriousness of [Freeman's] past criminal conduct and the likelihood that he will commit other crimes." Based on testimony and investigative reports admitted into evidence at earlier sentencing hearings, the court found, *inter alia*, that: (1) Freeman had two prior convictions for sexual misconduct (including one for sexual assault of a minor) that were not included in the criminal history calculation because of their age; (2) Freeman admitted to an undercover officer that he had recently photographed nude young boys for whom he was babysitting, showing "a continued willingness to exploit minors and violate the trust of their parents"; (3) Freeman showed the undercover agent the nude photographs of the young boys for whom he was babysitting, as well as "numerous child pornography photographs that he

claimed to have taken himself"; (4) Freeman admitted to an undercover officer that he "had molested over 50 children in his life."

The sentencing judge stated that Freeman's "conduct demonstrates the likelihood that he will commit further crimes" and found him "a danger to the community." The court held that Freeman's "consistent pattern of exploitation of children" justified the requested upward departure. The judge further noted "it also would [depart upward] for any of the reasons set forth above individually." The court explained that "had the defendant engaged in any of [those] acts of sexual misconduct . . ., such conduct would warrant at least a 1–level upward departure to a category II, as that is the lowest possible criminal history category of similarly situated repeat offenders." The judge found that Freeman's "conduct in this case as well as his history of crimes against children warrants a sentence . . . in the upper end of this guideline range" of 57 to 71 months. He sentenced Freeman to a 70–month term, the same sentence that was imposed after the first remand.

As required by the remand, the court also modified the earlier restrictions on Freeman's computer use, imposing as specialized conditions of supervised release: (1) unannounced periodic inspections of computer equipment at his home and office, including removal of equipment if a "preliminary inspection" suggests that he used the equipment to access child pornography; (2) informing the probation department of all computers to which he has access and any internet provider he uses; (3) accepting installation of monitoring software on his personal and business computers; (4) "not us[ing] a computer to access any material involving child pornography, including pedophilia materials of all types, or depictions or descriptions of mi-

nors engaged in sexually explicit conduct"; and (5) no "unsupervised contact with minors" other than "incidental contact." Freeman objected to conditions (2), (3), and (4) only. The judge stated that he adopted the special conditions "to provide deterrence to future criminal behavior and to protect the public from this type of offender" in light of "the history and characteristics of the defendant, particularly in relation to his evident pedophilia."

## III

Freeman's appointed counsel filed and served on Freeman a motion and brief addressing "anything in the record that might arguably support the appeal" and seeking leave to withdraw. *See Anders,* 386 U.S. at 744, 87 S.Ct. 1396. Counsel avers that, "having conscientiously examined the record in this case and discussed the same with Mr. Freeman, [he] has determined that there are no non-frivolous issues to raise on appeal." Freeman was notified by order and letter that he could "file a pro se brief on the merits of his appeal" within 30 days. He did not do so.

"The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001). To be adequate, an *Anders* brief must show that counsel "thoroughly scoured the record in search of appealable issues," and must "explain why the issues are frivolous." *United States v. Marvin,* 211 F.3d 778, 780–81 (3d Cir.2000). Our role is to determine, first, whether the brief fulfilled counsel's responsibilities, and, second, "whether an independent review of the record presents any nonfrivolous issues." *Youla,* 241 F.3d at 300.

On appeal from a judgment entered on remand, the issues for appeal are limited to those arising on remand. Any claim of error that "could and should have been raised" on direct appeal is not subject to review in a subsequent appeal. *United States v. Pultrone,* 241 F.3d 306, 307 (3d Cir.2001). Recognizing this, Freeman's counsel identified and analyzed three issues that could give rise to an appealable issue in this case: "(1) the upward departure in criminal history classification from Category I to Category II; (2) the propriety of the special conditions of supervised release ...; and (3) the adequacy of the District Court's statement of reasons for imposing the special conditions." These are, of course, the issues that a previous panel of this court instructed the district court to address on this remand. *United States v. Freeman,* 316 F.3d at 387.

## IV

After an independent review of the record in this case, we agree with Freeman's counsel that any claims challenging the district court's judgment on remand would be frivolous.

■ *Upward Departure.* The remand order directed the district court to apply the "ratcheting requirement" and "consider[ ] whether the sentencing range provided by Category II would be more appropriate to address Freeman's criminal history and likelihood of committing further crimes" before considering a two-level upward departure to Category III. *Id.* at 391. The district court complied with this requirement in departing upward only one level on remand. The 70–month sentence imposed is within the Guideline range. The remand order found only procedural error in the prior sentence and did not suggest that the length of the sentence was itself improper. Indeed, that order explicitly recognized the district court's "justifiabl[e] concern[ ] about

Freeman's extensive molestation of children in the past and his likelihood of committing such crimes in the future." *Id.* at 390.

Nor does there appear to be any other basis to challenge the upward departure. The Sentencing Guidelines permit upward departure where "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). A court may consider, *inter alia,* "prior sentence(s) not used in computing the criminal history category" and "prior similar adult criminal conduct not resulting in a criminal conviction" in deciding whether to depart upward. Here, the sentencing court made explicit findings regarding both prior convictions (for related conduct) and other similar conduct that did not result in any conviction, including Freeman's admitted history of molesting children and of taking (and keeping) pornographic pictures of children, as well as his recent photographing of nude young boys. There is no non-frivolous basis for appealing the upward departure.

■ *Special Conditions.* The remand order found the prior special conditions overly broad, holding it was "not reasonably necessary to restrict all of Freeman's access to the internet when a more limited restriction will do." On remand, the district court imposed far more targeted special conditions. We are satisfied that the three conditions to which Freeman objected, as described above, are narrowly tailored to prevent improper conduct without interfering with inoffensive computer and internet use and to allow the probation office to monitor that behavior. In light of the uncontested evidence outlined above, these conditions are well within the district court's discretion. Moreover, the district court has substantiated to our satisfaction "the reasoning behind its conditions of supervised release," *id.* at 391, namely, "to provide deterrence to future criminal behavior and to protect the public from this type of offender" in light of "the history and characteristics of the defendant, particularly in relation to his evident pedophilia." We also conclude that there are no nonfrivolous bases for challenging the special conditions.

V

We will therefore affirm the judgment of sentence and grant counsel's motion to withdraw.