OPINION
GARTH, Circuit Judge:
Frank Resting pleaded guilty on December 17, 2007 to one count of possession of child pox-nography in violation of 18 U.S.C. § 2252A(a)(l) and (b)(2), and was sentenced to 37 months of imprisonment and 5 yeax's of supervised release. On appeal, Restiixg complains that the sentencing judge failed to set forth findings and justifications for the Special Conditions of Supervised Release and, specifically, that three of the conditions are overbroad. We find that the District Court failed to state any reasons for the Special Conditions it imposed, as required under 18 U.S.C. § 3553(c). Since we do not know the reasons of the District Court for imposing these conditions, we cannot properly review Resting’s claim, and accox-dingly we remand for further proceedings to determine whether the Special Conditions are supported by the record.
I.
Because we write solely for the parties, we discuss only the facts relevant to this *207 appeal. In 2007, Resting was linked to the ongoing investigation of another individual, Paul Thielemann, for distribution of child pornography. A search of Thielemann’s computer had revealed that Resting and Thielemann shared numerous online chat conversations, including some discussions of child pornography.[1] One such conversation reflected that Resting had received two such images from Thielemann.
Resting’s laptop was seized on March 29, 2007, approximately one month after Thielemann’s computer was seized. Forensic examiners recovered several deleted files depicting child pornography, including five to ten images and one twenty-second video, but they could not determine when the flies had been deleted. Resting admitted that he had received these files from Thielemann, but claimed that he had deleted them immediately upon receipt because he had no sexual interest in children.
Resting was sentenced on April 2, 2008. His total offense level was 21, and the advisory Sentencing Guidelines range was 37 to 46 months. The District Court imposed a sentence at the low end of the guideline range, noting that Resting “did not encourage or condone the further victimization that Mr. Thielemann managed to impose,” and that Resting, “in addition to his youth,[2] has a background, I think significantly different than many of our other defendants, having been a victim himself, and coming from a less than easy family background, and yet getting through school and working consistently, and having no criminal background.” App. 31. The District Court then stipulated a term of supervised release and enumerated several Special Conditions of Supervised Release, three of which are the subject of this appeal:
You shall not own or operate a personal computer with Internet access in the home or in any other location, including employment, without prior written approval of the probation officer.
You shall not visit or live in a residence where there are children present without third-party notification and without prior approval of the Court. You shall not invite or otherwise encourage anyone under the age of 18 to visit your living quarters.
You shall not possess or view any materials, including pictures, photographs, books, writings, drawings or video games depicting and/or describing sexually explicit conduct as defined in Title 18 of the United States Code, Section 2256(2).
App. 32-34. Judgment was entered on April 4, 2008, and this appeal followed.[3]
II.
When a court imposes Special Conditions of Supervised Release, they must be reasonably related to “the nature and circumstances of the offense and the history and characteristics of the defendant,” as well as to “the goals of deterrence, protection of the public and rehabilitation of the defendant,” as set forth in 18 U.S.C. § 3553(a)(1) & (2)(B)-(D). United States *208 v. Loy, 191 F.3d 360, 371 (3d Cir.1999) (citing 18 U.S.C. § 3583(d)(1)). The Special Conditions also may not involve any “greater deprivation of liberty than is reasonably necessary” to fulfill those goals. 18 U.S.C. § 3583(d)(2).
In determining whether these requirements have been met, “ ‘courts of appeals have consistently required district courts to set forth factual findings to justify special probation conditions.’ ” United States v. Voelker, 489 F.3d 139, 144 (3d Cir.2007) (quoting United States v. Warren, 186 F.3d 358, 366 (3d Cir.1999)); see also Loy, 191 F.3d at 371 (“[T]he sentencing judge is required by statute to state the reasons in open court for imposing a particular sentence.” (citing 18 U.S.C. § 3553(c))). Where a sentencing judge has not made such findings, “we may nevertheless affirm if we can ascertain any viable basis for the restriction in the record before the District Court.” Voelker, 489 F.3d at 144 (citation and quotation marks omitted). We decline to do so here because we find the record insufficiently developed to conduct an appropriate review.
A. Prohibition of Computers with Internet Access
Our Court has held that a ban on internet access involves a greater deprivation of liberty than is reasonably necessary where there is no evidence that the defendant used the internet to contact young children or solicit inappropriate sexual contact with them. United States v. Freeman, 316 F.3d 386, 391-92 (3d Cir.2003). Instead, we found that “a more focused restriction, limited to pornography sites and images, can be enforced by unannounced inspections of material stored on [the defendant’s] hard drive or removable disks.” Id.
Here, there is no evidence that Resting had any sexual contact with young children; indeed, his offense appears to be limited to the pedophilic influence of Thielemann. On remand, the District Court should consider whether more limited measures, such as unannounced inspections, could satisfy the goals of Kesting’s sentence. See also United States v. Sofsky, 287 F.3d 122, 126-27 (2d Cir.2002).
Some inquiry also may be appropriate as to Kesting’s occupational prospects. In Voelker, we remanded a lifetime ban on computers and the internet in part because Voelker had been employed as a respiratory therapist prior to his arrest, and we found it “hard to imagine how he could remain employed in that or any similar occupation absent access to computer equipment.” 489 F.3d at 149; see also United States v. Perazza-Mercado, 553 F.3d 65, 72 (1st Cir.2009) (stating that an internet ban would be “an excessive deprivation of liberty if it prevented him from engaging in the kind of educational and vocational training required for the transition from his prior employment as a teacher into a new and appropriate career”); United States v. Peterson, 248 F.3d 79, 83-84 (2d Cir.2001) (finding that a computer ban constituted an occupational restriction where defendant had consistently worked in computer-related jobs); cf. United States v. Mark, 425 F.3d 505 (8th Cir.2005) (vacating an internet ban where defendant was a computer consultant and his offense only involved simple possession). Although the record in this case only notes Kesting’s prior work experience as a service technician for a swimming pool, his relative youth, combined with the fact that his offense was simple possession, might favor leaving open the possibility of future employment in an occupation that requires the use of internet-enabled computers.
B. Prohibition of Sexually Explicit Materials
Our Court has also noted that “[although the District Court could, perfectly *209 consonant with the Constitution, restrict an offender’s access to sexually oriented materials, such a restriction must have a nexus to the goals of supervised release.” Voelker, 489 F.3d at 150 (citation and quotation marks omitted). The record must suggest at a minimum that sexually explicit material involving only adults contributed to the offense or that viewing such material would cause the defendant to reoffend. See id. at 151. No such nexus appears to be present here, and the District Court’s failure to explain its reasons provides no support to the contrary.
We note that we are affirming an identically worded ban in the companion case, United States v. Thielemann, 575 F.3d 265 (3d Cir.2009), because we determined on that record that Thielemann’s use of child pornography was driven by his sexual attraction to adults. Accordingly, the Special Condition was warranted in his case because arousal by adult images might contribute to Thielemann’s recidivism, and therefore stimulate a return to child abuse by Thielemann and his associates. Moreover, depriving Thielemann of sexually explicit materials would aid in Thielemann’s rehabilitation. Resting, however, was not an initiator of the child victimization that Thielemann encouraged, although Resting acceded to Thielemann’s entreaties. Perhaps, on remand, the District Court might determine that sexually explicit material involving only adults would also likely lead Resting into recidivist behavior. If so, however, that determination should be made only after a “careful and sensitive individualized assessment.” Voelker, 489 F.3d at 144 (quoting United States v. Johnson, 446 F.3d 272, 282 n. 2 (2d Cir.2006)).
C. Prohibition on Association with Children
Finally, Resting complains that the condition restricting his interactions with minor children is overly broad because it would prevent him from seeing members of his own family. In United States v. Loy, 237 F.3d 251 (3d Cir.2001), the defendant appealed a similar condition, prohibiting any unsupervised contact with minors, on the grounds that it violated his fundamental right to procreate and his fundamental right to familial integrity. Id. at 269 (citing Skinner v. Oklahoma, 316 U.S. 535, 541, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942), and Gruenke v. Seip, 225 F.3d 290, 303 (3d Cir.2000)). Rather than strike the condition as overbroad, our Court held that the condition “should be construed to apply only to other people’s children, and not to Loy’s own.” Id. at 270. On remand, the District Court can determine whether a similar narrowing construction applies. Compare Voelker, 489 F.3d at 154 (remanding for clarification of whether the district court had intended to apply the restriction to defendant’s own family where defendant had exposed his daughter over the internet).
The other scenarios raised by Resting are less problematic. The possibility of inadvertent or unavoidable contact with minors does not invalidate the condition because “it is well established that associational conditions do not extend to casual or chance meetings.” Loy, 237 F.3d at 269 (citations omitted). Nor do family holidays raise difficulties since Resting may attend such events as long as he provides third party notification and receives prior approval of the court.
The record is silent as to Resting’s marital and parental status. Thus, while we follow our decision in Loy regarding minors, and keeping Resting from access to them, we are at a disadvantage in approving the condition which the District Court imposed. Until we are informed through the record of the District Court’s reasons for imposing this restriction on Resting, *210 and the evidence on which it rests, we cannot rule responsibly on this issue.
III.
For the foregoing reasons, we vacate the challenged conditions of supervised release and remand to the District Court for further proceedings consistent with this opinion.

. Our opinion in United States v. Thielemann, 575 F.3d 265 (3d Cir.2009), reproduces an example of these “chats," including a verbatim chat between Thielemann and another of his associates on June 11, 2006.

. Resting was 26 years old at the time of his sentencing. App. 27.

.The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). Although we generally review Special Conditions of Supervised Release for abuse of discretion, we review for plain error here because no objection was raised at the sentencing hearing. United States v. Voelker, 489 F.3d 139, 143 n. 1 (3d Cir.2007).