[No. C048707. Third Dist. Nov. 30, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY HARRISSON, Defendant and Appellant.

**COUNSEL**

William I. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Janis Shank McLean and David A. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RAYE, J.**—After an undercover police officer posing as the father of a 12-year-old girl began conversing via computer with defendant Jeffrey Harrisson, defendant used his computer to send pornographic images to the officer. Defendant also requested a meeting with the girl for sexual purposes. Officers executed a search warrant at defendant's residence for child pornography, confiscating four computers containing unknown quantities of child pornography. A complaint charged defendant with one count of possession of child pornography. (Pen. Code, § 311.11, subd. (a).) Defendant pled no contest and received three years' probation and 150 days in jail. In addition, as a term of probation, the court forbade defendant from accessing the Internet. Defendant appeals, contending the condition of probation precluding him from accessing the Internet is unconstitutional. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

An undercover police officer posed as the father of a 12-year-old girl and conversed with defendant online. During these communications, defendant sent pornographic images to the officer via his computer. Defendant requested a meeting so he could sleep with the girl.[1]

On March 13, 2003, officers executed a search warrant at defendant's residence for child pornography. Officers confiscated four computers, examining them for the presence of child pornography.

---

[1] These facts are taken from the opening brief of the prosecutor before the appellate division of the superior court.

In September 2003 a complaint charged defendant with one violation of Penal Code section 311.11, subdivision (a), possession of child pornography, a misdemeanor. The parties entered into a negotiated disposition on February 18, 2004. Defendant entered a plea of no contest.

The court placed defendant on probation for three years on the condition that he serve 150 days in jail. In addition, the court ordered defendant not to have any access to the Internet or possess any Internet device.

The search took place after defendant's therapist reported defendant had made threats on the life of a deputy district attorney. Defendant provided a vivid description of his plans to "blow [the prosecutor's] brains out," and had developed a plan. A subsequent search of defendant's residence revealed defendant was accessing the Internet by computer, using it to look for work and to view adult pornography in violation of his probation.

On March 23, 2004, the court held a hearing on defendant's alleged violation of probation. Defendant agreed to the proposed modification ordering him to serve 240 days on an electronic monitoring system but requested that the Internet access restriction be modified. Defendant argued that as a digital technician, the restriction against Internet use "[took] away his livelihood." In support, defendant cited a "long series" of federal cases upholding less restrictive provisions of computer use. Defendant asked for Internet access related to his work, and offered to install software that detected pornography and would alert law enforcement if pornography was viewed.

The district attorney argued vehemently against any such modification, noting the nature of the underlying offenses, the adult pornography recently discovered on defendant's computer, and the fact that defendant had made threats to kill the prosecutor. The prosecutor suggested it would be easy to find someone to carry out the threats "via the internet and its search engines."

The court granted the People's motion for modification of sentence and denied defendant's request to modify the Internet provision. The court prohibited defendant from using the Internet "in any way whatsoever." Defendant agreed to the modification but reserved the right to appeal.

Approximately one month later, the court held another hearing to clarify the modification of probation. Defendant argued the prohibition against Internet access prevented him from being employed as a digital technician. According to defendant, the Internet prohibition made it very difficult for him to find any kind of employment. The only work defendant believed he would be eligible for was "selling candy bars" in "a snack shop that was old-fashioned and still had a manual cash register."

The People countered that many jobs either do not require computers or utilize computers that are not hooked up to the Internet. The prohibition forbade only access to computers at work with Internet access, not all computers. Defendant's probation and the Internet ban were to last three years.

The court concluded the probation provision did not apply to all computers in the workplace but only to computers allowing defendant Internet access. The parties stipulated to a modification of the terms of probation. Defendant would serve 240 days on an electronic monitoring system. Probation would be classified as formal probation, and although defendant would live in Los Angeles County, he would be under the supervision of a Sacramento County probation officer.

The court denied defendant's motion objecting to the probation condition banning Internet access. The probation condition did not prohibit defendant from working in a workplace with computers, just from working on computers with Internet access. However, the probation condition did ban computers from defendant's residence. Defendant filed a timely notice of appeal in the appellate division of the superior court. We subsequently granted defendant's petition to transfer the case to this court.

## DISCUSSION

■ The parties agree courts possess broad discretion in determining suitability for probation and the selection of probation conditions. (Pen. Code, § 1203, subd. (b); *People v. Welch* (1993) 5 Cal.4th 228, 233 [19 Cal.Rptr.2d 520, 851 P.2d 802].) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if the conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], fn. omitted.)

■ A probation condition is constitutionally overbroad when it substantially limits a person's rights and those limitations are not closely tailored to the purpose of the condition. (*In re White* (1979) 97 Cal.App.3d 141, 146 [158 Cal.Rptr. 562].) It is not enough to show the government's ends are compelling; the means must be carefully tailored to achieve those ends. A state may restrict a constitutional right, but only when the restriction is narrowly drawn to serve a compelling state interest. The state's power to

inhibit free speech is limited. Since laws regulating expression pose a particular danger of abuse, they are carefully scrutinized. (*In re Stevens* (2004) 119 Cal.App.4th 1228, 1237 [15 Cal.Rptr.3d 168] (*Stevens*).)

As a threshold matter, the People contend defendant failed to object in the trial court to the constitutionality of the probation condition precluding Internet access and thus has waived the issue. We disagree.

At the March 23, 2004, hearing, defendant argued his profession as a digital technician required him to have access to the Internet. According to defendant, an Internet ban constituted an overbroad restriction on his employment. Defense counsel referred the court to federal cases addressing overbroad restrictions on one's employment. Defense counsel stated: "[H]e's really a civil rights advocate here and wanting to insure that the rules of court are applied appropriately to him so that the least restrictive measurements can be utilized to insure he's in compliance with probation . . . ." Defendant clearly objected to the Internet restriction as impermissibly overbroad.

Defendant contends the probation condition forbidding him access to the Internet "is not closely tailored to promoting public safety and reaches far beyond reasonable limits in prohibiting otherwise lawful conduct." In addition, defendant argues the condition creates "a chilling effect upon [defendant's] rights to work, communicate and associate with other persons" in violation of his constitutional rights. In support, defendant presents a summary of various federal cases and one California case.

The cases defendant reviews form the syllabus for any discussion of Internet access and probation conditions. To evaluate defendant's claims, we provide a brief synopsis of the most pertinent cases.

In *U.S. v. Crandon* (3rd Cir. 1999) 173 F.3d 122 (*Crandon*), the defendant used the Internet to contact a minor girl, arranged a meeting, and had sex with her. The defendant took photographs and received the developed photos through the mail. (*Id.* at p. 125.) Convicted of receiving child pornography, the defendant was sentenced to prison and three years' probation. The terms of probation included the condition that the defendant not obtain access to any form of computer network, including the Internet, unless specifically approved by the probation office. (*Ibid.*)

The defendant challenged the condition. The court found the Internet restriction reasonably related to the defendant's criminal activities, noting the defendant used the Internet as a means to develop a sexual relationship with a young girl. The court found: "Given these compelling circumstances, it seems clear that the condition of release limiting [the defendant's] Internet access is

related to the dual aims of deterring him from recidivism and protecting the public." (*Crandon, supra,* 173 F.3d at pp. 127–128.)

The defendant in *U.S. v. Peterson* (2nd Cir. 2001) 248 F.3d 79 (*Peterson*) was convicted of bank larceny. Restrictions on his release encompassed a state prosecution for sex offenses. A condition of probation prohibited the defendant from possessing any computer capable of Internet access. Since the defendant operated his own computer business, he was allowed to use a computer that only contained the software necessary to perform his job. (*Id.* at p. 81.)

The court found the district court had abused its discretion in imposing the Internet condition: "Nothing in the record suggests that the Internet and computer restrictions are 'reasonably necessary,' [citation], to protect the public or to deter [the defendant] from continuing to engage in the conduct for which he was convicted, *i.e.,* bank larceny based on payments made with bad checks." (*Peterson, supra,* 248 F.3d at p. 84.) The court also noted there was no indication the defendant's past sexual offenses had any connection to computers or the Internet. (*Id.* at p. 83.)

In *U.S. v. Paul* (5th Cir. 2001) 274 F.3d 155 (*Paul*), the defendant was convicted of possession of massive amounts of child pornography. In addition, the defendant used the Internet to advise fellow users of child pornography how to contact children. (*Id.* at p. 168.) As a condition of probation, the defendant was prohibited from possessing or having access to computers and the Internet. (*Id.* at p. 167.)

The court found the prohibition reasonably related to the defendant's offense and necessary to prevent recidivism and to protect the public. The record revealed the defendant used the Internet to encourage the exploitation of children. The court noted: "While the condition at issue in the instant case is broader than the restriction at issue in *Crandon* because it prohibits access to both computers and the Internet and it contains no proviso permitting [the defendant] to use these resources with the approval of his probation office, we cannot say that that [*sic*] the district court abused its discretion in determining that an absolute ban on computer and Internet use was reasonably necessary to protect the public and to prevent recidivism." (*Paul, supra,* 274 F.3d at p. 169.)

The defendant in *U.S. v. White* (10th Cir. 2001) 244 F.3d 1199 (*White*) was convicted of receiving child pornography. A condition of the defendant's probation prohibited him from possessing a computer with Internet access. (*Id.* at p. 1201.) The defendant argued the condition was overbroad, contending he was writing a book and the Internet ban deprived him of an essential

tool for research and defeated his attempts at rehabilitation. The defendant also contended the court could have tailored the condition to prohibit his visiting child pornography sites or to permit probation officers to examine his computer files. (*Id.* at p. 1205.)

The court found the probation condition unclear and noted: "[I]f the district court intended to deny [the defendant] any access whatsoever to the Internet . . . the special condition overreaches. That reading would bar [the defendant] from using a computer at a library to do any research, get a weather forecast, or read a newspaper online. Under these circumstances, the special condition is 'greater than necessary,' [citation], and fails to balance the competing interests the sentencing court must consider." (*White, supra,* 244 F.3d at p. 1206.) The court stated any condition limiting Internet access must permit reasonable monitoring by a probation officer and noted filtering software is available to interpose a barrier between the computer's Web browser and Internet connection. (*Id.* at pp. 1206–1207.)

Another possessor of child pornography faced a prohibition on using a computer or the Internet without the approval of his probation officer in *U.S. v. Sofsky* (2nd Cir. 2002) 287 F.3d 122, 124 (*Sofsky*). The court found the condition an abuse of discretion: "Although the condition prohibiting [the defendant] from accessing a computer or the Internet without his probation officer's approval is reasonably related to the purposes of his sentencing, in light of the nature of his offense, we hold that the condition inflicts a greater deprivation on [the defendant's] liberty than is reasonably necessary." (*Id.* at p. 126.)

Regarding the government's concern about the difficulty in enforcing a more tailored restriction, the court found the defendant would need to be monitored even with the broader restriction, unannounced inspections of the defendant's residence and examination of material stored on his computer or computer disks could enforce the restriction, or the government could conduct sting operations. (*Sofsky, supra,* 287 F.3d at pp. 126–127.)

In *U.S. v. Freeman* (3rd Cir. 2003) 316 F.3d 386, 387–388 (*Freeman*), the defendant was convicted of possessing child pornography and had a 15-year-old prior molestation conviction. The court prohibited the defendant from having any computer in his home or from using any computer with Internet access without the permission of his probation officer. (*Id.* at pp. 389–390.)

The court found the probation condition overly broad, noting that, unlike in *Crandon*, the defendant had not used the Internet to contact young children and solicit sexual contact. (*Freeman, supra,* 316 F.3d at pp. 391–392.) The court observed: "Such use of the internet is harmful to the victims contacted

and more difficult to trace than simply using the internet to view pornographic web sites." (*Id.* at p. 392.) Therefore, the court found no reason to cut off the defendant's access to e-mail or benign Internet usage when a more focused restriction, limited to pornography sites, could be enforced by unannounced inspection of material stored on the defendant's computer hard drive. (*Ibid.*)

The court provided one caveat: "Moreover, if [the defendant] does not abide by more limited conditions of release permitting benign internet use, it might be appropriate to ban all use." (*Freeman, supra,* 316 F.3d at p. 392.)

The possessor of child pornography in *U.S. v. Zinn* (11th Cir. 2003) 321 F.3d 1084, 1086–1087 (*Zinn*) was prohibited from using any computer capable of accessing the Internet without prior approval of his probation officer. The defendant argued the condition was overbroad; the court disagreed.

The court reasoned: "We realize the Internet has become an important resource for information, communication, commerce, and other legitimate uses, all of which may be potentially limited to [the defendant] as a result of our decision. Nevertheless, the particular facts of this case highlight the concomitant dangers of the Internet and the need to protect both the public and sex offenders themselves from its potential abuses. We are also satisfied that the restriction . . . is not overly broad in that [the defendant] may still use the Internet for valid purposes by obtaining his probation officer's prior permission." (*Zinn, supra,* 321 F.3d at p. 1093, fn. omitted.)

In a final federal case, *U.S. v. Rearden* (9th Cir. 2003) 349 F.3d 608 (*Rearden*), a court convicted the defendant of shipping child pornography on the Internet. In addition, the defendant e-mailed another man about kidnapping and raping the other man's nieces and murdering their mother. (*Id.* at pp. 611–612.) As a condition of probation, the defendant was prohibited from any Internet usage without the prior consent of his probation officer. (*Id.* at p. 620.)

The court noted two schools of thought concerning Internet prohibitions: "Courts upholding restrictions reason that there is a 'strong link between child pornography and the Internet, and the need to protect the public, particularly children, from sex offenders,' [citation], while those rejecting prohibitions on Internet use are more impressed with the 'virtually indispensable' nature of the Internet in today's world. [Citation.]" (*Rearden, supra,* 349 F.3d at p. 621.)

The court found the restriction on Internet usage without prior approval of the probation officer reasonably related to the defendant's offense and necessary to the important dual goals of deterrence and protection of the public.

(*Rearden, supra,* 349 F.3d at p. 621.) The court also noted the defendant failed to show how the restriction would impinge on his profession as an art decorator or set decorator. (*Id.* at pp. 617, 622.)

Following in the wake of this patchwork of federal cases is one California case: *Stevens, supra,* 119 Cal.App.4th 1228, a case defendant urges us to follow. In *Stevens,* the defendant entered a plea of guilty to lewd conduct on a child under the age of 14, an offense that did not involve computer use. As a condition of parole, the defendant was prohibited from possessing or having access to computer hardware or software, including the Internet. (*Id.* at p. 1231.)[2] The defendant challenged the condition, arguing it frustrated his ability to earn a living. (*Ibid.*)

The court reviewed the federal authority and concluded that although the Board of Prison Terms (BPT) was legitimately concerned that a released child molester's unfettered access might result in criminal conduct, the broad restriction bore no relation to the defendant's conviction for child molestation. (*Stevens, supra,* 119 Cal.App.4th at p. 1239.) In addition, the condition imposed a greater restriction on the defendant's rights than was reasonably necessary. (*Ibid.*)

As to the difficulty of fashioning a workable restriction, the court noted: ". . . BPT's task was less daunting than it appeared to be. A focused restriction could be enforced by unannounced inspections of material stored on [the defendant's] hard drive or his removable disks. [Citations.] BPT might also have explored the implementation of monitoring software which automatically generates an e-mail to the parole officer should the parolee engage in an illegal use of his computer. [Citation.] Finally, BPT can verify [the defendant's] Internet usage with a sting operation—surreptitiously inviting him to respond to government-placed Internet ads for pornography. [Citation.]" (*Stevens, supra,* 119 Cal.App.4th at p. 1239.) *Stevens* concludes with a closing caveat: ". . . [The defendant's] unauthorized use of any computer would be at his own peril." (*Ibid.*)

Defendant, citing *Stevens,* challenges his probation provision prohibiting Internet access, claiming it is too broad. According to defendant, the probation condition should be modified to allow him Internet access at home in order to earn a living. Defendant argues he entered a plea to only one count of possession of child pornography, and unlike the defendants in *Paul* and *Crandon,* "there was no evidence that [defendant] ever used the Internet to

---

[2] The issue before the court had been mooted by the removal of the parole condition after the court issued an order to show cause. However, the appellate court heard the matter on its merits, since it raised an issue " 'of great public import and transcend[s] the concerns of these particular parties.' " (*Stevens, supra,* 119 Cal.App.4th at p. 1232.)

contact children or other victims." Actually, there is such evidence. Defendant contacted an undercover police officer posing as the father of a 12-year-old girl. Defendant requested a meeting so he could sleep with the girl. Unlike the defendant in *Stevens*, defendant here utilized the Internet to both send pornographic images and solicit sex with a minor.

Defendant cites the previously discussed federal cases and contends only *Paul* imposed an outright ban on the Internet and no computer at the residence. Defendant is correct but overlooks two important aspects of his case not found in any of the federal authority or in *Stevens*.

Here, defendant, following his initial sentencing, spoke to his therapist about a vengeful, thought-out plan to murder the prosecutor. Following this threat, a search of his residence revealed defendant was violating the ban on Internet access and was viewing pornography as well as searching for a job.

■ These two factors—a desire to pursue violent revenge against the prosecutor, which might be facilitated through Internet research, and defendant's blatant violation of the prohibition against Internet access—merit the trial court's refusal to modify the probation condition. As the courts in *Freeman* and *Stevens* noted, a failure to abide by conditions of release may result in an outright ban on all Internet use. Given the facts specific to this case, we find the prohibition against Internet usage reasonably related to defendant's offense and necessary to the important dual goals of deterrence and protection of the public.

In addition, we note defendant is not prohibited from using a computer at work, only from accessing the Internet. Although defendant claims Internet usage is crucial to his job as a digital technician, he provides no explanation of how or why his position necessitates Internet access.

■ In upholding the probation conditions imposed in this case, we recognize the ubiquity of the Internet and its power as a tool of commerce, information, and entertainment. Nonetheless, when such a beneficial tool is put to evil use, there is no constitutional impediment to restrictions calculated to forestall a recurrence. Restrictions should be narrowly tailored to achieve that objective. However, a defendant who uses the Internet to collect child pornography and solicit sex with a child and who thereafter, within months of his conviction, violates a restriction on Internet use, is not well positioned to complain about an outright ban.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Butz, J., concurred.

A petition for a rehearing was denied December 27, 2005, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied March 15, 2006, S140274. George, C. J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.