Filed 7/24/14  P. v. Fernandez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MELISA LIZETTE FERNANDEZ,<br><br>    Defendant and Appellant. | H039640<br>(Santa Clara County<br>Super. Ct. No. C1242453) |

Defendant Melisa Lizette Fernandez was placed on probation after pleading no contest to felony sale of a person for immoral purposes (Pen. Code, § 266f)[1] in exchange for the People's dismissal of five felony counts of human trafficking (§ 236.1, subd. (a)). The charges were based on allegations that defendant and her boyfriend (her codefendant in the trial court) forced defendant's cousin into prostitution.  Defendant contends that the trial court erred in imposing a probation supervision fee without first determining her ability to pay and that certain probation conditions are unconstitutionally vague and overbroad.  For the reasons stated here, we will modify the challenged conditions and remand for the trial court to determine defendant's ability to pay the probation supervision fee.

---

[1] Unspecified statutory references are to the Penal Code.

# I. TRIAL COURT PROCEEDINGS

The following factual summary is based on testimony by San Jose Police Officers Jonathon Levos and David Gonzales at defendant's preliminary hearing based on statements to them from the victim. Defendant and her boyfriend picked up the victim from Stockton under the pretense of taking her to a party. Once the victim got into the car, however, defendant informed her that the victim's father had allegedly paid defendant and her boyfriend $4,000 to have the victim raped "in retaliation for [the victim's] sister being raped." Defendant and her boyfriend eventually drove the victim to a motel in Concord, where defendant took photographs of the victim while the victim was "scantily clad" and posted them online to a website for the purpose of soliciting prostitution. The victim told the officers she was forced to have sex with several men in return for money in Concord as well as in motels in San Mateo, Vacaville, and San Jose. After each encounter, the victim turned the money over to defendant or her boyfriend. The victim managed to escape and call the police, who arrested defendant and her boyfriend.

Defendant and her boyfriend were held to answer and defendant was charged by information with five counts of human trafficking (§ 236.1, subd. (a)) and one count of procuring the victim for the purpose of prostitution (§ 266i, subd. (a)). The section 266i count was later amended as part of a plea agreement to one count of sale of the victim for immoral purposes (§ 266f) because the section 266i count prohibited probation. Defendant pleaded no contest to the section 266f count. The trial court dismissed defendant's five human trafficking counts, suspended imposition of sentence for three years, and placed defendant on formal probation with conditions, including one year in county jail, deemed satisfied by presentence custody credits.

Defendant challenges three other probation conditions in this appeal: (1) defendant "shall have no contact with the victim or victims in this case"; (2) defendant "shall not access the Internet or any other online service through use of a computer or

other electronic device at any location including place of employment without prior approval of the probation officer"; and (3) defendant "shall not clean or delete Internet browsing activity and must keep a minimum of four weeks [of] history unless approved by the probation officer."[2] Defendant's trial counsel objected to the probation conditions related to the Internet, arguing they "violat[e] Miss Fernandez's constitutional rights under both [the] California and Federal constitutions." The court overruled the objection and found a factual basis for the conditions.

The trial court also imposed a probation supervision fee "not to exceed 110 dollars per month," citing section 1203.1b. Defense counsel objected that the court had not determined defendant's ability to pay any fines or fees. The court ordered defendant to file a statement of assets "before we finish up today" and indicated it would review the statement. Shortly thereafter, the court overruled the objection, restated its "order that we have a statement of assets before we conclude today," and indicated "we'll take care of that when [we] recall the matter." The minute order from that hearing includes a probation supervision fee of $110 per month but the record on appeal does not contain a statement of assets or other documentation suggesting further discussion of the issue.

## II.  DISCUSSION

### A. FELONY PROBATION CONDITIONS

Defendant claims that three of the felony probation conditions imposed by the trial court are unconstitutionally vague because they lack explicit knowledge requirements. Defendant also contends the condition restricting access to the Internet is overbroad and must be stricken in its entirety.

When imposing felony probation conditions, a trial court has broad discretion to impose "reasonable conditions … [that] it may determine are fitting and proper to the end that justice may be done … ." (§ 1203.1, subd. (j).) Absent a timely objection in the trial

---

[2] These orally-pronounced conditions do not materially differ from those attached to the minute order from the May 2013 hearing.

court, on appeal a defendant may not challenge the reasonableness of a probation condition.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 881-882 (*Sheena K.*).)  However, claims that a probation condition is unconstitutionally vague or overbroad can be raised for the first time on appeal so long as the claim presents a pure question of law that can be resolved without reference to the sentencing record.  (*Id.* at pp. 887-889.)

Unconstitutional overbreadth occurs when a probation condition "substantially limits a person's rights and those limitations are not closely tailored to the purpose of the condition."  (*People v. Harrisson* (2005) 134 Cal.App.4th 637, 641.)  Thus, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad."  (*Sheena K.*, *supra,* 40 Cal.4th at p. 890.)

Vagueness challenges are based on "the due process concept of 'fair warning.' [Citation.]"  (*Sheena K., supra,* 40 Cal.4th at p. 890.)  A condition is unconstitutionally vague if it "either forbids or requires the doing of an act in terms so vague that [a person] of common intelligence must necessarily guess at its meaning and differ as to its application … ."  (*Connally v. General Const. Co.* (1926) 269 U.S. 385, 391.) Defendant's opening brief appears to suggest the *Sheena K.* court held that "[f]ederal due process considerations require that probation conditions contain 'an express requirement of knowledge' or else, as a result of a condition that lacks reasonable specificity, the probationer may unwittingly violate a condition."  (Quoting *Sheena K.*, *supra*, at p. 891.) However, while the Supreme Court found the addition of an express knowledge requirement necessary for the specific condition at issue in *that* case, the court did not make the sweeping mandate attributed to it by defendant.  Instead, the *Sheena K.* court explained: "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated' if it is to withstand a challenge on the ground of vagueness.  [Citation.]" (*Sheena K., supra,* at p. 890.)

When analyzing claims that probation conditions are unconstitutional, we are mindful that probation violations must be willful to justify revocation of probation. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 594 (*Rodriguez*); *People v. Cervantes* (2009) 175 Cal.App.4th 291, 295; *People v. Galvan* (2007) 155 Cal.App.4th 978, 982; § 1203.2, subd. (a).)  Further, "[a] probation condition should be given 'the meaning that would appear to a reasonable, objective reader.' [Citation.]"  (*People v. Olguin* (2008) 45 Cal.4th 375, 382.)  If modification of a probation condition will cure a constitutional defect, we may modify the condition on appeal.  (*Sheena K., supra*, 40 Cal.4th at p. 892.)

### 1. No Contact Condition

Defendant challenges the condition prohibiting contact with the victim as unconstitutionally vague absent an express knowledge requirement because she could unintentionally violate the condition "if she picks up a phone call from the victim when she does not recognize the number or if she accidentally runs into the victim."

We find it unlikely that a probation officer or a court would deem the passive conduct described by defendant a willful violation of the no contact condition. (*Rodriguez, supra,* 222 Cal.App.4th at p. 594.)  However, in the interest of specificity and in light of the People's concession that "adding a knowledge requirement would prevent the situation where appellant unwittingly came into contact with the victim," we will modify this condition to read: "Defendant shall not knowingly have contact with the victim in this case."  Given that there was only one victim in this case and defendant knows who that victim is, we decline defendant's request that we further modify the condition to specify the victim's name.  Our decision to omit the victim's name is also informed by the interest in preventing publication of the names of victims of sex crimes. (California Style Manual (4th ed., 2000) § 5.9, pp. 179-180.)

### 2. Condition Restricting Internet Access

Defendant challenges the condition that she "shall not access the Internet or any other online service through use of a computer or other electronic device at any location

5

including place of employment without prior approval of the probation officer." Defendant first argues that we should strike the condition in its entirety because "only a more narrow probation condition would be practical or reasonable." The fundamental flaw in defendant's argument is that, because she did not challenge the reasonableness of the condition below, she may not challenge it as unreasonable on appeal. (*Sheena K., supra,* 40 Cal.4th at pp. 881-882.) In the trial court, defendant's only ground for objection was that the Internet conditions violated her constitutional rights. Thus, we will only address whether the condition is unconstitutionally overbroad or vague.

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra,* 40 Cal.4th at p. 890.) In her brief, defendant does not identify any constitutional right that is limited by the probation condition's restriction on Internet usage. Instead, defendant discusses a series of everyday activities that involve the Internet to show the ubiquity of that resource. Because defendant does not identify a constitutional right that is limited by the condition, her overbreadth challenge is unpersuasive.

Even if defendant had identified a constitutional right and showed that the probation condition "substantially limit[ed]" that right, (*Harrisson, supra,* 134 Cal.App.4th at p. 641), we find that any limitation is closely tailored to the purpose of the condition. Defendant committed the offense for which she pleaded no contest by posting pictures of the victim on the Internet for the purpose of soliciting prostitution. By limiting defendant's access to the Internet, the condition serves the purpose of keeping defendant "away from situations likely to lead to criminal conduct." (*Rodriguez, supra,* 222 Cal.App.4th at p. 590.) Further, like the condition another panel of this court approved in *People v. Pirali* (2013) 217 Cal.App.4th 1341 (*Pirali*), the condition at issue is not a "blanket prohibition" on Internet access because it "grants defendant the ability to

6

access the Internet on [her] computer and other electronic devices so long as [s]he obtains prior permission from [her probation] officer." (*Id.* at pp. 1349-1350.)

As for whether the condition is vague, defendant contends that without an express knowledge requirement she "could violate the condition by unwittingly accessing the Internet in her day-to-day life" and notes that the court in *Pirali* modified an almost identical condition to address this concern. (Citing *Pirali, supra,* 217 Cal.App.4th at pp. 1350-1351.) Although we again express doubt that a probation officer or a court would find a willful violation and revoke defendant's probation if she accessed the Internet unwittingly, given the pervasiveness of the Internet in daily life as well as the People's concession that "adding a knowledge requirement would prevent the situation where appellant … unknowingly accessed the Internet," we will modify the condition as follows: "Defendant shall not knowingly access the Internet or any other online service through use of a computer or other electronic device at any location including place of employment without prior approval of the probation officer."

### 3. Condition Requiring Retention of Internet Browsing History

The final challenged condition states that defendant "shall not clean or delete Internet browsing activity and must keep a minimum of four weeks [of] history unless approved by the probation officer." Like the other conditions, defendant claims that the condition needs an express knowledge requirement because, as currently drafted, she could violate probation by "accidentally delet[ing] her Internet browsing history through the wrong click of a button."

Because this condition is related to a feature of Internet browsing about which average users might be unfamiliar, the addition of an explicit knowledge element will protect defendant from truly inadvertent acts while still serving the purpose of ensuring that her probation officer can track defendant's Internet activity as necessary. Thus, we will modify the condition to read: "Defendant shall not knowingly clean or delete Internet

7

browsing activity and must keep a minimum of four weeks of history unless approved by the probation officer."

## B. PROBATION SUPERVISION FEE AND DEFENDANT'S ABILITY TO PAY

Defendant argues, and the People concede, that the trial court imposed a $110 probation supervision fee without first determining defendant's ability to pay.

Section 1203.1b governs the imposition of probation supervision fees and provides that unless a defendant gives up the right to a determination "by a knowing and intelligent waiver," the trial court must hold a hearing following the procedures set forth in that section to determine whether defendant has the ability to pay the cost of probation supervision. (§ 1203.1b, subds. (a), (b).) Failure by the trial court to make this determination requires reversal and remand for a hearing on a defendant's ability to pay. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1400-1401, disapproved on another ground by *People v. McCullough* (2013) 56 Cal.4th 589, 598-599.)

Here, upon defense counsel's objection that the trial court had not determined defendant's ability to pay, the trial court ordered defendant to provide a statement of assets and indicated the court would review the statement and make a determination "when [we] recall the matter." Although the minute order indicates the court imposed a $110 probation supervision fee, there is no evidence in the record to support a finding that the court considered a statement of assets or actually determined defendant's ability to pay. For this reason, we must remand so that the court can follow the procedure set forth in section 1203.1b and determine whether defendant has the ability to pay a probation supervision fee.

## III.    DISPOSITION

The order is reversed. The probation supervision fee of $110 is stricken pending determination by the trial court, in accordance with section 1203.1b, of defendant's ability to pay. The trial court is further instructed to modify the three probation conditions discussed in this opinion so that they read:  (1) "Defendant shall not

8

knowingly have contact with the victim in this case;" (2) "Defendant shall not knowingly access the Internet or any other online service through use of a computer or other electronic device at any location including place of employment without prior approval of the probation officer;" and (3) "Defendant shall not knowingly clean or delete Internet browsing activity and must keep a minimum of four weeks of history unless approved by the probation officer."

_____
Grover, J.

**WE CONCUR:**

_____
Bamattre-Manoukian, Acting P.J.

_____
Mihara, J.