Filed 5/5/25  P. v. Scott CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KEVIN ROBERT SCOTT,<br><br>    Defendant and Appellant. | G064475<br><br>(Super. Ct. No. FSB21004604)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of San Bernardino County, Steve Malone, Judge. Affirmed.

Christopher Stansell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Kathryn Kirschbaum, and Maxine Hart, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

In 2022, appellant Kevin Robert Scott pleaded no contest to one count of possession of child pornography in San Bernardino County Superior Court while he was already on probation for a similar federal crime. His 2022 plea required him to, amongst other things, "[r]eport to the probation officer in person immediately or upon release and thereafter as directed." Upon appearing at the probation department after sentencing, however, Scott was taken into custody by federal marshals for violating his federal probation. After being released from federal custody in early 2023, Scott failed to report to the probation department in San Bernardino County.

San Bernardino County officials then sought to add sex offender-related terms to Scott's probation which had accidentally been omitted from his original plea. The trial court agreed to add these terms, finding its jurisdiction had been reopened by Scott's failure to report to local probation authorities after release from federal custody.

Scott argues the trial court lacked jurisdiction to modify his probation terms because he was not required to report upon release from federal custody because he had already reported immediately after sentencing. Further, he claims the additional terms imposed are unconstitutionally vague and overly broad. He also raises technical objections with his sentence. His arguments are either moot or lack merit, and we therefore affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY[1]

A felony complaint was filed on December 28, 2021, in San Bernardino County Superior Court alleging that on or about July 13, 2021, Scott had possessed "child or youth pornography, in violation of Penal Code section 311.11(a)."[2] At the time of his arrest, Scott was on active supervised federal probation for a 2010 child pornography offense.

Scott initially pleaded not guilty to the charge, but later accepted a plea of no contest in exchange for three years' probation, credit for time served, and sex offender registration under section 290. The probation agreement, filed on May 5, 2022, required Scott to do several things. Of note here are two terms: (1) he had to keep his probation officer notified of his residence, and any planned changes to his residence; and (2) he had to report to his probation officer "in person immediately or upon release and thereafter as directed."

Scott accepted the terms and conditions of his probation on the record on May 5, and the court told him to check in with probation either that same day or the following day. Scott's counsel asserted that he accompanied Scott to the probation department that same day. Counsel says he left Scott at the front door and drove away. However, the next day, counsel received a

---

[1] While the present appeal concerns the modification of terms pronounced by the trial court on May 10, 2023, Scott has requested that we take judicial notice of the record in the subsequent appeal he filed relating to the revocation of his probation, *People v. Scott*, Case No. G064474. We grant Scott's request for judicial notice.

[2] All undesignated statutory references are to the Penal Code.

call from Scott's brother stating that federal officers had picked Scott up as he walked out of the probation department.[3]

The probation department calendared a hearing for May 19, 2022, seeking to add terms and conditions which had mistakenly been omitted from the original agreement. The sheriff's department advised the court that Scott was in federal custody. As a result, the court revoked Scott's probation and issued a bench warrant.

When the bench warrant came up for arraignment on September 21, 2022, Scott's counsel appeared, and advised the court that Scott was still in federal custody, but that he denied being in violation of his probation in the state court case. The trial court recalled the bench warrant but kept the revocation of probation in place. It set a hearing on the revocation issue.

On January 18, 2023, Scott's counsel advised the court that Scott was soon to be released to a residential community house. He requested to put the probation hearing over to May 9. Counsel advised the court that the federal arrest was related to Scott's plea in the state matter. The court requested a supplemental report from probation and continued the hearing to May 10, ordering Scott to appear.

Scott was released from federal custody on March 3, 2023. However, San Bernardino County probation officials only found this out on March 7 after they reviewed the Federal Bureau of Prisons Inmate Locator. Officials contacted Scott on March 9 and "admonished" him "for failing to report to the San Bernardino County probation office following his release." Scott said he had reported to federal probation but was unaware that he also

---

[3] Prosecutors admitted they knew this was likely to happen because of the nature of Scott's plea in this case.

had to report to local probation officials because he believed the proceedings were suspended.

The probation hearing was eventually held on May 10, 2023, at which time the court considered whether to add the terms suggested by the probation department. Initially, the trial court felt it had no jurisdiction to add terms omitted as the result of a mere oversight. Rather, the court thought a change of circumstances was required. When the prosecutor told the court that Scott had failed to report to probation upon release from federal custody, the court found this was a sufficient change of circumstances.

Scott's counsel protested that Scott was never told to report to probation, and was only contacted by probation officers. But the court said Scott was told when he entered the plea "to report to probation within two days of his release from custody or at least once every 14 days."[4]

The court went on to review the additional terms it was being asked to impose and ultimately ordered Scott's probation reinstated with certain additional terms. Among those were:

(1) "Do not associate with minors or frequent places where minors congregate, including but not limited to schoolyards, parks, amusement parks, concerts, playgrounds, swimming pools, and arcades, unless in the company of responsible adult over the age of 21 who is approved by the probation officer or court and knows of your offense(s) and is willing to

---

[4] Scott's plea agreement required him to report to probation "immediately or upon release and thereafter as directed." In its minute order imposing probation, the trial court had said Scott was to report "to the Probation Officer in person immediately or within 2 business days and thereafter as directed."

5

monitor your behavior"[5]; (2) "Do not frequent massage parlors, live nude shows or conventions where erotic materials and/or devices are the primary items sold"; (3) "Neither possess nor have obscene matter; as defined in [section] 311"; (4) "Neither use nor possess any computer or internet device except in the course of employment with the employer's knowledge of the nature of the offense and with the prior approval of the probation officer"; (5) "Not be an employee of nor participate in (massage/escort) nor reside in or at, nor derive any money or other form of consideration from any modeling, escort, massage, or sauna operation of business, or any outcall operation or business, or any acupressure or acupuncture operation of business"; (6) "Not have access to a Post Office Box without prior approval of the probation officer"; (7) "Not own, use, or possess any form of sexually explicit movie videos, material, or devices unless recommended by a therapist and approved by the probation officer. Do not frequent any establishment where such items are the primary items viewed, or sold at such establishments and do not utilize any sexually oriented telephone services"; (8) "Not possess or have access to costumes, masks,[] or other identity-concealing items unless approved by the probation officer"; (9) "Not possess personal contact magazines, nor place any ads, [] nor respond to any ads in such publications unless approved by the probation officer"; (10) "Not use or possess children's clothing or any illustrated materials depicting unclothed children." Scott sought reconsideration of this ruling in September 2023, and his request was denied.

---

[5] The court made exceptions for Scott to pass in the vicinity of certain schools and parks nearby to his residence and a concert venue he frequented.

Several months later, on November 15, 2023, the San Bernardino County probation department filed a petition for revocation of Scott's probation, citing a failure to comply with his terms. Among the terms alleged to have been violated were the requirement not to frequent places where minors congregate and the prohibition on unauthorized use or possession of a computer or internet device.

The trial court ordered Scott's probation revoked as of November 15, 2023, and set a hearing. On April 5, 2024, the trial court found Scott was in violation of his probation because he had possessed material prohibited under section 311.11(a) and he had been in possession of an unauthorized cell phone. The court imposed the upper term of three years in prison.

DISCUSSION

I.

STANDARD OF REVIEW

There are two main issues Scott raises in this appeal. The first is whether the trial court abused its discretion in modifying the conditions of his probation. The second is whether the additional terms were unconstitutionally vague or overly broad.

The first issue is subject to an abuse of discretion standard, (see *People v. Miller* (1967) 256 Cal.App.2d 348, 353–356), and the second is subject to a de novo standard. (See *People v. Salvador* (2022) 83 Cal.App.5th 57, 63 (*Salvador*).)

7

## II.

APPELLANT'S PLEA AGREEMENT REQUIRED HIM TO REPORT TO PROBATION AUTHORITIES UPON RELEASE AND HIS FAILURE TO DO SO CONSTITUTED A CHANGE IN CIRCUMSTANCES PERMITTING THE COURT TO MODIFY THE TERMS OF PROBATION

"A court may revoke or modify a term of probation at any time before the expiration of that term. (§ 1203.3.)" (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095.) "A change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation." (*Ibid*.) "An order modifying the terms of probation based upon the same facts as the original order granting probation is in excess of the jurisdiction of the court, for the reason that there is no factual basis to support it." (*In re Clark* (1959) 51 Cal.2d 838, 840.) "In this context, a 'change in circumstance' requires 'a fact "not available at the time of the original order."'" (*Cookson, supra*, at p. 1095.) Thus, a modification order based upon the same facts as the original order is improper because 'the court [has] reached a different conclusion based upon the same facts.'" (*People v. Mendoza* (2009) 171 Cal.App.4th 1142, 1156.) (*People v. Rogers* (2024) 106 Cal.App.5th 88, 93.)

Here, Scott's original plea agreement, which was approved by the trial court, required him to report to probation "immediately or upon release and thereafter as directed." Scott contends he reported immediately after the plea, and was only thereafter directed to report when county probation

authorities contacted him on March 9, 2023.[6] Thus, he contends, he was not required to report when he was released from federal custody.

We agree with the trial court that Scott was required to report to county probation after his release from federal custody. By the plain language of his plea agreement, he was to report "upon release." We therefore conclude the trial court was within its discretion to find a change in circumstances.

III.

THE ADDITIONAL TERMS THAT WERE IMPOSED AND STILL AT ISSUE WERE NOT UNCONSTITUTIONALLY VAGUE AND OVERLY BROAD

While Scott takes issue with ten of the additional probation conditions imposed, we need only concern ourselves with two of those: the ones that he was found to have violated after this appeal was filed. There are two reasons for this.

First, when Scott and his counsel were presented with the proposed additional terms and conditions, neither raised any concerns or objections except as to three of them: the requirement that Scott not frequent places associated with minors, the polygraph requirement, and the tracking device requirement. Scott does not appeal the latter two listed conditions.[7]

---

[6] This was the gist of what Scott's counsel was trying to tell the trial court, and we therefore reject the Attorney General's contention that this argument has been forfeited.

[7] In its brief, the Attorney General asks us to order the trial court to add the polygraph condition back into Scott's probation conditions as it is required for registered sex offenders under section 1203.067, subdivision (b)(3). However, the People did not raise this issue when Scott objected to the polygraph condition in the trial court. In any event, we deem this issue moot because Scott's probation has been revoked.

9

And the trial court addressed Scott's counsel's concerns with respect to the first. He raised no objections to the internet device or obscene material prohibitions.

"As a general rule, a defendant must first raise the issue in the trial court to challenge a probation condition on appeal. (See *People v. Welch* (1993) 5 Cal.4th 228, 237.) However, our Supreme Court has held that the forfeiture rule does not apply to a defendant's contention that a probation condition is unconstitutionally vague and overbroad on its face when the challenge presents a pure question of law. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887 [(*Sheena K.*)].)" (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1127.)

Appellant's challenge to the facial constitutionality of probation conditions is normally preserved regardless of whether an objection was raised. But in this case, in addition to the lack of objection, Scott's counsel, Attorney Philipson, explicitly represented to the court that Scott was *agreeable* to all conditions except the three that were brought to the court's attention:

"MR. PHILIPSON: I've gone over the sex offender terms with Mr. Scott. And he has no problem with most of them, mostly because they are inapplicable to him, such things as massage parlors and stuff like that. He's never set foot in one, so he doesn't care. But there are three that are a concern to him and I would like to address those three." By representing that Scott found most of the conditions "inapplicable to him," counsel was indicating that Scott understood what conduct the conditions encompassed, thus undermining his vagueness and overbreadth arguments.

Second, and perhaps more importantly, we are permitted to judicially notice court records entered after the appealed judgment if they

10

demonstrate that any issue before us is moot. (See *In re M.F.* (2022) 74 Cal.App.5th 86, 110.) Here, the records in Scott's second appeal show that his probation was revoked due to the court's finding that he had violated the prohibition on unauthorized devices and possession of obscene material as defined in section 311. Scott is currently incarcerated due to this finding and is serving a three-year sentence. The validity of any other terms of his probation are now therefore irrelevant. Even if we were to reverse the revocation of probation when we review Scott's second appeal, the matter would be remanded to the trial court for resentencing where the issues can be discussed.

As a result, we will address only the internet device and obscene material prohibitions.

"'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality...." [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if the conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted.)" (*People v. Harrisson* (2005) 134 Cal.App.4th 637, 641 (*Harrisson*).)

A. *Vagueness and Overbreadth*

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324–325.) A probation condition that imposes limitations on a person's

11

constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. (See [*In re White* (1979)] 97 Cal.App.3d [141], 149–150.)" (*Sheena K.*, *supra*, 40 Cal.4th at 890.)

### 1. Prohibition on Obscene Material

Scott was to "[n]either possess nor have obscene matter; as defined in [section] 311." In his opening brief, Scott took issue with this condition only on the ground that it lacks any requirement that he know or reasonably should know that matter is obscene. The Attorney General countered that the California Supreme Court's ruling in *People v. Hall* (2017) 2 Cal.5th 494 (*Hall*) eliminated the need for any express knowledge requirement in order for a probation condition to be valid. (*Id.* at p. 501 ["California case law already articulates not only a general presumption that a violation of a probation condition must be willful, but also specifically provides that probation conditions barring possession of contraband should be construed to require knowledge of its presence and its restricted nature"]) In his reply brief, Scott conceded that *Hall* controls the analysis and he withdrew the express knowledge objection. As he has no other objections to this condition, we have no reason to invalidate it.

### 2. Internet Device Prohibition

Scott was to "[n]either use nor possess any computer or internet device except in the course of employment with the employer's knowledge of the nature of the offense and with the prior approval of the probation officer." He contends that the meaning of the phrase "internet device" is unclear because an internet device could be anything from a cell phone to a debit card scanner at the grocery store, and "using" such a device could include

12

innocuous things like checking a smartwatch for messages. We are not persuaded.

As the Attorney General argues, *Hall* cautioned courts against finding a probation condition unconstitutionally vague """"if any reasonable and practical construction can be given to its language."""" (*Hall*, *supra*, 2 Cal.5th at p. 501.) The reasonable and practical construction of "internet device" is a device such as a smartphone, smartwatch, tablet, or other electronic device which could allow Scott to access the internet, not a grocery store card reader. Using such a device to access the internet outside the scope of employment without approval would be a violation of probation.

Scott also contends the condition is overly broad because it effectively bans him from using the internet for any non-employment purpose. While we recognize the burdens this prohibition imposes, we ultimately conclude the prohibition was not invalid because it was tailored towards the conduct in which Scott was engaged.

Two cases discussed by the parties effectively set up the framework of our analysis. In *Harrisson*, the defendant was charged with possession of child pornography after he sent pornographic material to an undercover police officer posing as a 12-year-old girl, and requested to meet the girl. (*Harrisson*, *supra*, 134 Cal.App.4th at p. 639.) Defendant pleaded no contest and was placed on three years' probation. The court ordered defendant not to have any internet access as a condition of his probation or possess any internet device. Defendant's therapist reported to police that defendant had vividly described his plans to kill the deputy district attorney, and a later search indicated he had violated his probation by using the internet to look for work and watch adult pornography. At a hearing regarding probation violations, defendant asked the court to modify the

13

internet restriction because he was unable to find work as a digital technician without internet access. (*Id.* at p. 640.) The trial court declined to do so, and the appellate court affirmed, holding that defendant's threats against the prosecutor and his use of the internet for pornographic purposes justified a broader prohibition. The court reasoned that "a failure to abide by conditions of release may result in an outright ban on all Internet use. Given the facts specific to this case, we find the prohibition against Internet usage reasonably related to defendant's offense and necessary to the important dual goals of deterrence and protection of the public." (*Id.* at p. 647.)

In *People v. Pirali* (2013) 217 Cal.App.4th 1341, the defendant was initially served with a search warrant related to an auto insurance fraud investigation. (*Id.* at p. 1344.) Analysis of a computer seized under that warrant revealed defendant also was in possession of child pornography, and an additional search warrant was obtained. (*Ibid.*) The defendant was charged with a count of possession of child pornography and entered a plea of nolo contendere. The defendant was given three years' probation. Amongst his probation conditions was a prohibition from having access to the internet "or any other on-line service through use of your computer or other electronic device at any location without prior approval of the probation officer." (*Ibid.*) In upholding the condition, the Sixth District Court of Appeal observed that internet restrictions necessarily curtail First Amendment rights, but that "courts have . . . permitted probation conditions and parole conditions limiting computer and Internet access in cases where the limitation is not a blanket prohibition, and in cases where the Internet played a role in the underlying offense." (*Id.* at p. 1349.) The *Pirali* court held defendant's condition was valid because defendant was not faced with a blanket

14

prohibition; he could access the internet with prior approval from his probation officer. (*Id.* at pp. 1349–1350.)

Here, too, there is no blanket prohibition. Scott may use or possess a computer or internet device in the course of his work, so long as his employer is notified of his status and the use is authorized by his probation officer. But more significant are two other facts. First, Scott's criminal activity took place via electronic devices. Second and most concerning, Scott was already on federal probation for a similar offense at the time he was engaging in this activity. His arrest by federal authorities undeniably demonstrates that his plea in this matter was a violation of his federal probation, and as such, the trial court was justified in prohibiting all internet use.

We recognize that in the present era, internet access is perhaps as central to the exercise of free speech as pen and paper. But the probationer's rights must be balanced against the need for protecting the public, and especially children. "'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)" (*Salvador*, *supra*, 83 Cal.App.5th at p. 63.) We find such practical necessity here.

IV.

SCOTT'S CHALLENGE TO THE EXPIRATION OF HIS PROBATION PERIOD IS MOOT BECAUSE PROBATION HAS BEEN REVOKED

The minute order issued by the trial court on May 10, 2023, not only reinstated Scott's probation and imposed the additional terms requested

15

by the prosecution; it also stated that probation would expire April 25, 2026. Scott argues that this was improper because he was originally given three years' probation, which would expire in 2025. He asks us to correct the trial court's minute order.

First, Scott did not object to the extended probation period, even when he sought reconsideration of the court's order. Second, in light of Scott's current incarceration and the revocation of his probation, we deem this argument moot. Even if we reverse the trial court in Scott's second appeal, the matter will be remanded for resentencing and the issue can be resolved before the trial court.

V.

SCOTT WAS NOT ENTITLED TO CONDUCT CREDITS AT THE TIME PROBATION WAS IMPOSED IN MAY 2023

Scott's plea agreement states that he would get credit for two days served in presentence custody, as well as conduct credits to be calculated pursuant to section 4019. Scott argues that he was thus entitled to two days conduct credit, and the trial court's minute order is ambiguous as to whether he was credited this amount because it states: "Credit Time Served 2 Days Actual PC 4019 (1/2)".

We agree that the order appears to state no conduct credits are due under section 4019. But as the Attorney General rightly points out, section 4019 states: "A deduction shall not be made under this section unless the person is committed for a period of four days or longer." (§ 4019, subd. (e).) Because Scott only served two days in presentence custody, he did not meet the threshold to receive conduct credits under section 4019.

16

## DISPOSITION

The judgment is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

DELANEY, J.

SCOTT, J.